UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOU BRESLIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF RICHMOND, <br><br> Defendant. | Case No.  12-cv-02976-EDL <br><br> **ORDER SETTING TRIAL AND RELATED DATES** |

On August 20, 2015, this Court issued an order denying cross-motions for summary judgment and vacated the trial and related dates.  The Court now sets the remaining dates in this case as follows:

1. TRIAL DATE

    a. Court trial shall begin on **Monday, June 27, 2016 at 8:30 a.m**.  in Courtroom E, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.  Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Debra Campbell, Court Reporter Supervisor, at (415) 522-2079 or Debra_Campbell@cand.uscourts.gov, at least 14 days prior to the trial date.

    b. The length of the trial will be not more than four days.

2. PRETRIAL CONFERENCE

    a. A pretrial conference shall be held on **Thursday, May 26, 2016 at 2:00 p.m.**  in Courtroom E, 15th Floor.  Each party shall attend personally or by lead counsel who will try the case.  The timing of disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall be governed by this order.

    b. By no later than **March 31, 2016**, the parties shall meet and confer and submit to the Court a preliminary joint statement of undisputed and disputed facts, prepared in

light of the Court's prior Order denying both sides' motions for summary judgment. To the extent possible, the preliminary joint statement will also categorize in general terms the parties' remaining disputes as they prepare for trial.

      c.    On **April 12, 2016 at 3:00 p.m.**, the Court will hold a preliminary conference with the parties to discuss their joint submission and ways in which the case may be further narrowed prior to trial. This conference will be vacated if the Court determines that a preliminary conference will not assist in narrowing the issues for trial.

      b.    By no later than **April 25, 2016**, lead counsel shall further meet and confer regarding:

      (1)    Preparation and content of the joint pretrial conference statement;

      (2)    Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

      (3)    Settlement of the action.

      c.    By no later than **May 5, 2016**, counsel and/or parties shall:

      (1)    Serve and file a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

      (a)    *The Action.*

      (i)    <u>Substance of the Action.</u>  A brief description of the substance of claims and defenses which remain to be decided.

      (ii)    <u>Relief Prayed.</u>  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

      (b)    *The Factual Basis of the Action.*

      (i)    <u>Undisputed Facts.</u>  A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial

                record without the necessity of supporting testimony or exhibits, to the extent that these facts differ from those previously submitted in the joint preliminary statement.

        (ii) <u>Disputed Factual Issues.</u> A plain and concise statement of all disputed factual issues which remain to be decided.

        (iii) <u>Agreed Statement.</u> A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

        (iv) <u>Stipulations.</u> A statement of stipulations requested or proposed for pretrial or trial purposes.

(c) *Disputed Legal Issues.*

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions, and any procedural or evidentiary issues.

(d) *Trial Preparation.*

        (i) <u>Witnesses to Be Called.</u> With regard to witnesses disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

        (ii) <u>Estimate of Trial Time.</u> An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

        (iii) <u>Use of Discovery Responses.</u> Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness page and line references, from

3

|     |     |     |     |     |
| --- | --- | --- | --- | --- |
|     |     |     |     | interrogatory answers, or from responses to requests for admission. |
|     |     | (e) | *Trial Alternatives and Options.* | |
|     |     |     | (i) | Settlement Discussion.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive. |
|     |     |     | (ii) | Amendments, Dismissals.  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses. |
|     |     |     | (iii) | Bifurcation of Issues.  A statement of whether bifurcation or a sequenced trial of specific issues is feasible and desired. |
|     |     | (f) | *Miscellaneous.* | |
|     |     |     | Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination. | |
|     | (2) | Serve and file trial briefs, motions in limine (including any motion regarding the qualifications or testimony of any expert witness), excerpts from discovery that will be offered at trial (including a copy of the deposition testimony or admission), and **joint** proposed findings of fact and conclusions of law.  The findings of fact shall set forth in simple, declarative sentences, separately numbered, all factual contentions relied upon by the party in support of its claims for relief and shall be free of pejorative language and argument.  Counsel shall submit separately their disputed findings of fact and conclusions of law.  Counsel shall deliver to chambers a copy of their proposed findings of fact and conclusions of law on a computer diskette compatible with WordPerfect 6.1, 7, 8, 9 or 10 or 8.0 for Windows. | | |
|     | (3) | Serve and file an exhibit setting forth the qualifications and experience for each expert witness; | | |

4

(4) Serve and file a list of each party's exhibits by numbers 1-500 (plaintiff) or numbers 750-1250 (defendant), including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

(5) Exchange exhibits which shall be <u>prepared</u> (plaintiff shall use numbers 1-500; defendant shall use numbers 750-1250) and <u>tabbed</u>.  Exhibits shall be three-hole punched and shall be submitted in binders.  Each exhibit shall be marked on the front page or on the back of the last page with the information contained in Exhibit A to this Order; and

(6) The two sets of premarked exhibits shall be for Court use only. The parties shall bring a third set of their trial exhibits to trial to present to witnesses.

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement, exchanged with opposing counsel, and delivered to the Court, by the above deadline, without leave of the Court and for good cause.

d.  By no later than **May 15, 2016**, after meeting and conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file: (1) any objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to non-expert witnesses; (3) any opposition to a motion <u>in limine</u>.  No replies shall be filed.

e.  All motions <u>in limine</u> and objections shall be heard at the pretrial conference.

6. All documents filed with the Clerk of the Court shall list the civil case number followed only by the initials "**EDL**."  One copy must be clearly marked as a **chambers** copy. Chambers' copies shall be three-hole punched at the left side, suitable for insertion into standard binders. In addition, all motions in limine, trial briefs, and findings of fact and conclusions of law shall be accompanied by a diskette containing a copy of the document formatted in WordPerfect 6.1, 7, 8, 9 or 10 (Windows) or 8.0 (Windows).

//

//

1   **IT IS SO ORDERED.**

2   Dated:  November 10, 2015

                                                                    ELIZABETH D. LAPORTE
                                                                    United States Magistrate Judge